

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case:2:12-cr-20054<br>Judge: Cook, Julian Abele<br>MJ: Randon, Mark A.<br>Filed: 01-26-2012 At 03:04 PM<br>INDI USA V. SEALED MATTER (DA) |
| Plaintiff, | |
| vs. | VIOLATIONS: |
| D-1   SANDRA CAMPBELL,<br>D-2   DOMONIQUE CAMPBELL, | 18 U.S.C. § 666 (Program fraud)<br>18 U.S.C. § 371 (Conspiracy)<br>18 U.S.C. § 1957 (Money laundering) |
| Defendants. | 18 U.S.C. § 1956(h)(Conspiracy)<br>18 U.S.C. § 1343 (Wire Fraud)<br>26 U.S.C. § 7206 (False Statements)<br>18 U.S.C. § 982(a) (Criminal Forfeiture) |

_____/

## INDICTMENT

**THE GRAND JURY CHARGES:**

### GENERAL ALLEGATIONS

1. At all times material to this indictment, the Detroit Public Schools System (hereinafter, "DPS") was an agency of the State of Michigan operating within Wayne County, Michigan, in the Eastern District of Michigan.

2. From July 1, 2003 until December 31, 2007, **SANDRA CAMPBELL** was employed by DPS, through her company Pacemaker Accounting, as a contract bookkeeper and accountant, and as such was an agent of DPS. Defendant **DOMONIQUE CAMPBELL** at all pertinent times was employed as a DPS teacher, and as such was an agent of DPS.

1

3. At all times material to this indictment, to-wit: within each 12-month period during the calendar years 2004, 2005, 2006, 2007, and 2008, DPS received benefits in excess of $10,000.00 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of federal assistance.

4. As a contract employee for DPS, Defendant **SANDRA CAMPBELL'S** duties included placing orders and entering the receipt of orders for books and supplemental teaching materials and consultant services on behalf of the DPS schools. In order to do this she was given access to the DPS PeopleSoft software which DPS and its schools utilized to order books and supplemental teaching materials and consultant services for DPS schools.

5. In 2004, Defendant **SANDRA CAMPBELL** was assigned her own individual DPS PeopleSoft passcode, which was required to access the DPS PeopleSoft system.

6. Defendant **SANDRA CAMPBELL** also accessed the DPS PeopleSoft system, using the DPS People Soft passcodes of other DPS employees.

7. Between September, 2004 and November, 2007, Defendant **SANDRA CAMPBELL** accessed the DPS PeopleSoft system and placed orders for books and supplemental teaching materials and for consultant services for two workshops for DPS schools from a vendor known as Definitive Concepts Company, Incorporated, (hereinafter "DCCI"), an enterprise owned and operated jointly by Defendant **SANDRA CAMPBELL** and her daughter, Defendant **DOMONIQUE CAMPBELL**.

8. Some of the supplemental teaching materials ordered for DPS schools from DCCI by **SANDRA CAMPBELL** were to be provided to DPS pursuant to contracts, including contract number 8-0010-1, between DCCI and DPS.

9. DCCI was not, in fact, a corporation, and in fact was a sham enterprise used by Defendants **SANDRA CAMPBELL** and **DOMONIQUE CAMPBELL** to facilitate the submission of fraudulent invoices to DPS for books, teaching materials, and services never obtained by or provided to DPS.

10. After placing orders for DPS schools from DCCI, Defendant **SANDRA CAMPBELL** submitted, or caused to be submitted, fraudulent invoices to the DPS for goods and services never received, provided to, or received by, DPS schools.

11. From September, 2004 to July, 2008, Defendant **SANDRA CAMPBELL** and Defendant **DOMONIQUE CAMPBELL**, doing business as DCCI, received checks from DPS totaling $549,477.88 for goods and services never received by DPS schools.

12. Defendant **SANDRA CAMPBELL** and Defendant **DOMONIQUE CAMPBELL** deposited DPS checks issued to DCCI totaling $530,091.38 into one of two bank accounts held by DCCI at Bank One (now JP Morgan Chase), and thereafter withdrew and otherwise used funds from these accounts to pay personal expenses.

## COUNT ONE

**(Conspiracy to Obtain by Fraud and to Unlawfully Convert to the Use of Any Person Property of DPS Valued at $5,000 or More -18 U.S.C. §§ 666(a)(1)(A) and 371)**

D-1    **SANDRA CAMPBELL**
D-2    **DOMONIQUE CAMPBELL**

1. The General Allegations, paragraphs 1-12, are hereby incorporated in this Count.

2. From September, 2004, up to and including June, 2008, said dates being approximate, in the Eastern District of Michigan, **SANDRA CAMPBELL** and **DOMONIQUE**

CAMPBELL defendants herein, who were agents of DPS, did knowingly, voluntarily, and unlawfully conspire and agree to commit offenses against the United States, that is, to obtain and retain DPS property by fraud and to unlawfully and without authority convert said property to the use of a person other than the rightful owner, said property being comprised of funds which had a value of approximately $530,091.38. At all pertinent times, that is, in any one-year period during these dates, DPS received benefits in excess of $10,000.00 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of federal assistance.

## OVERT ACTS

3. In executing the conspiracy alleged in Paragraph Two, one or more of the defendants committed the following overt acts:

A. On or about August 20, 2004, **DOMONIQUE CAMPBELL** filed an application for an Employer Identification Number for DCCI with the Internal Revenue Service.

B. On October 7, 2004, **DOMONIQUE CAMPBELL**, who was then married and using the name "Domonique Chandler," opened a business account, number XXXXX2562, in the name of Definitive Concepts at Bank One (now JP Morgan Chase) (hereinafter "DCCI account number 1") and on that date signed the signature card for that account as President of Definitive Concepts.

C. On April 8, 2005, **DOMONIQUE CAMPBELL**, using her married name Domonique Chandler, endorsed DPS check number 83681 in the amount of $4,475.25 issued to Definitive Concepts. That check was deposited on the same date into DCCI account number 1.

  D. On April 8, 2005, **DOMONIQUE CAMPBELL**, using her married name, Domonique Chandler, withdrew $2,000.00 from DCCI account number 1.

  E. On June, 20, 2005, **DOMONIQUE CAMPBELL** withdrew $1,500.00 from DCCI account number 1.

  F. On August 19, 2005, **DOMONIQUE CAMPBELL**, using her married name, Domonique Chandler, endorsed DPS check number 96943, in the amount of $12,150.00, issued to Definitive Concepts. That check was deposited on the same date into DCCI account number 1 by **DOMONIQUE CAMPBELL**.

  G. On December 27, 2005, **SANDRA CAMPBELL** opened a business account, number XXXXX5241, in the name of Definitive Concepts at Bank One (now JP Morgan Chase) (hereinafter "DCCI account number 2") and on that date signed the signature card for that account as Treasurer of Definitive Concepts. At the time **SANDRA CAMPBELL** opened DCCI account number 2, she deposited DPS check number 106463 issued to Definitive Concepts in the amount of $30,000.00 as the initial deposit in the account.

  H. On July 10, 2006, **DOMONIQUE CAMPBELL** became a signer on DCCI account number 2, by signing Bank One's Business Account Add Signers Form, as CEO of Definitive Concepts.

  I. On July 10, 2006, **SANDRA CAMPBELL** signed Bank One's "Business Account Add Signers Form," certifying that **DOMONIQUE CAMPBELL** had been added to DCCI account number 2 "in accordance with resolutions or other documents of the Business regarding signing authority for bank accounts" and further certifying that **DOMONIQUE CAMPBELL'S** name, title and signature were correct.

J.  On October 23, 2006, **DOMONIQUE CAMPBELL** deposited DPS check number 132325, in the amount of $22,766.20 into DCCI account number 2.

K.  On December, 19, 2006, **DOMONIQUE CAMPBELL** withdrew $1,550.00 from DCCI account number 2.

L.  On January 8, 2007, **DOMONIQUE CAMPBELL** withdrew $1,500.00 from DCCI account number 2.

M.  On February 17, 2006, **SANDRA CAMPBELL** withdrew $19,000.00 from DCCI account number 2.

N.  On March, 1, 2006, **SANDRA CAMPBELL** withdrew $17,000.00 from DCCI account number 2.

O.  On March 17, 2007, **SANDRA CAMPBELL** withdrew $12,200.00 from DCCI account number 2.

P.  On July 20, 2007, **DOMONIQUE CAMPBELL**, using the name "Domonique Chandler," signed as the Vice President and Authorized Contractor Representative of DCCI, contract, number 8-0010-1, entitled "Teaching Tool Kits" with DPS.

**All in violation of Title 18, United States Code, Sections 371 and 666(a)(1)(A).**

## COUNT TWO
### (Conspiracy to Launder Money By Engaging In Monetary Transactions In Property Derived from Specified Unlawful Activity - 18 U.S.C. §§ 1957(a) and 1956(h))

D-1 **SANDRA CAMPBELL**
D-2 **DOMONIQUE CAMPBELL**

1. The General Allegations, paragraphs 1 - 12, are hereby incorporated in this Count.

2. From about September, 2004, up to and including October, 2007, said dates being approximate, in the Eastern District of Michigan, **SANDRA CAMPBELL** and **DOMONIQUE CAMPBELL**, defendants herein, did knowingly, intentionally and unlawfully agree and conspire to commit an offense against the United States, that is, engaging in monetary transactions in property derived from specified unlawful activity in violation of Title 18, United States Code, Sections 1957(a) and 1956(h).

As part of the conspiracy, **SANDRA CAMPBELL** and **DOMONIQUE CAMPBELL**, did knowingly engage in and cause others to engage in one or more monetary transactions affecting interstate commerce in criminally derived property of a value greater than $10,000.00, such property having been derived from specified unlawful activity, that is, program fraud in violation of Title 18, United States Code, Section 666(a)(1)(A)

### MANNER AND MEANS

3. It was agreed between the defendants **SANDRA CAMPBELL** and **DOMONIQUE CAMPBELL** that DPS checks in excess of $10,000.00 (to wit, $530,091.38) issued to their business DCCI for payment of fraudulent invoices for supplemental teaching materials and consultant services would be deposited into DCCI account number 1 and DCCI account number 2, held by DCCI at Bank One, now JP Morgan Chase.

7

4.  The accounts of Bank One, now JP Morgan Chase, including those held by DCCI, were insured by the Federal Deposit Insurance Corporation ("FDIC").

5.  It was further agreed between the defendants that **SANDRA CAMPBELL** and **DOMONIQUE CAMPBELL** would withdraw and transfer funds from DCCI account number 1 and DCCI account number 2, some of which transfers and withdrawals were in excess of $10,000.00.

6.  In executing the conspiracy alleged in Paragraph 2, one or more of the defendants committed the following acts:

    A.  On October 7, 2004, **DOMONIQUE CAMPBELL**, who was then married and using the name "Domonique Chandler," opened a business account, number XXXXX2562, in the name of Definitive Concepts at Bank One (now JP Morgan Chase) ("DCCI account number 1") and on that date signed the signature card for that account as President of Definitive Concepts.

    B.  On August 19, 2005, **DOMONIQUE CAMPBELL**, using her married name, Domonique Chandler, endorsed DPS check number 96943, in the amount of $12,150.00, issued to Definitive Concepts. That check was deposited on the same date into DCCI account number 1 by **DOMONIQUE CAMPBELL**.

    C.  On December 27, 2005, **SANDRA CAMPBELL** opened a business account, number XXXXX5241, in the name of Definitive Concepts at Bank One (now JP Morgan Chase) (DCCI account number 2) and on that date signed the signature card for that account as Treasurer of Definitive Concepts. At the time **SANDRA CAMPBELL** opened DCCI account number 2, she deposited DPS check number

106463 issued to Definitive Concepts in the amount of $30,000.00 as the initial deposit in the account.

D. On July 10, 2006, **DOMONIQUE CAMPBELL** became a signer on DCCI account number 2, by signing Bank One's Business Account Add Signers Form, as CEO of Definitive Concepts.

E. On July 10, 2006, **SANDRA CAMPBELL** signed Bank One's "Business Account Add Signers Form", certifying that **DOMONIQUE CAMPBELL** had been added to DCCI account number 2 "in accordance with resolutions or other documents of the Business regarding signing authority for bank accounts" and further certifying that **DOMONIQUE CAMPBELL'S** name, title and signature were correct.

F. On February 17, 2006, **SANDRA CAMPBELL** withdrew $19,000.00 from DCCI account number 2.

G. On March, 1, 2006, **SANDRA CAMPBELL** withdrew $17,000.00 from DCCI account number 2.

H. On March 17, 2007, **SANDRA CAMPBELL** withdrew $12,200.00 from DCCI account number 2.

I.. On December 28, 2005, **SANDRA CAMPBELL** transferred, or caused to be transferred, $12,000.00 from DCCI account number 2 to her business, Pacemaker Accounting, account #XXXXX0483 (hereinafter "Pacemaker account number 1" ), at Bank One (now JP Morgan Chase). **SANDRA CAMPBELL** had sole signing authority on Pacemaker account number 1.

J. On January 16, 2007, **SANDRA CAMPBELL** transferred, or caused to be transferred, $21,000.00 from DCCI account number 2 to Pacemaker account number 1.

K. On May 29, 2007, **SANDRA CAMPBELL** transferred, or caused to be transferred, $26,000.00 from DCCI account number 2 to her business, Pacemaker Accounting, account #XXXXX8140 (hereinafter "Pacemaker account number 2"), at Bank One (now JP Morgan Chase). **SANDRA CAMPBELL** had sole signing authority on Pacemaker account number 2.

L. On October 11, 2007, **SANDRA CAMPBELL** transferred, or caused to be transferred, $60,000.00 from DCCI account number 2 to Pacemaker account number 2.

**All in violation of Title 18, United States Code, Sections 1957(a) and 1956(h).**

<u>**COUNT THREE**</u>
**(Wire Fraud - 18 U.S.C. § 1343)**

D-1  **SANDRA CAMPBELL**

1. On or about October 7, 2010, said date being approximate, in the Eastern District of Michigan, **SANDRA CAMPBELL**, defendant herein, did knowingly and intentionally devise and execute a scheme to defraud and to obtain money and property from Ocwen Loan Servicing, LLC, (hereinafter "Ocwen Loan"), by means of false and fraudulent pretenses, representations and promises.

In furtherance of the scheme and in order to execute it, defendant caused to be transmitted by means of wire or radio communication in interstate commerce, writings, signs, signals, pictures or sounds originating in the Eastern District of Michigan, Southern Division.

2. In furtherance of the scheme, **SANDRA CAMPBELL**, the owner of residential property located at 18314 Warrington Drive, Detroit, Michigan, induced Ocwen Loan, the holder of the mortgage (Loan Number 707177283) on that property, to accept $40,000.00 as a discount payoff of the approximately $258,551.53 owed by **SANDRA CAMPBELL** on the mortgage, through what is known as a "short sale," by submitting or causing to be submitted to Ocwen Loan, a document which she knew to contain falsified material information. This document, entitled "Affidavit of Arm's Length Transaction" was signed by defendant and falsely stated that Laura Brown, the buyer of the residential property located at 18314 Warrington Drive, Detroit, Michigan, was not a family member of the seller, **SANDRA CAMPBELL**, when, in fact, Laura Brown is **SANDRA CAMPBELL'S** mother.

3. In furtherance of the scheme and in order to execute it, **SANDRA CAMPBELL** caused the Affidavit of Arm's Length Transaction to be transmitted by wire on or about October 7, 2010, from the shared offices of Metro Title and Progressive Title in Bloomfield Hills, Michigan to Ocwen Loan in West Palm Beach, Florida.

4. Ocwen Loan relied upon the false statements in the Affidavit and agreed to accept $40,000.00 as a discount payoff of the mortgage.

5. In furtherance of the scheme, **SANDRA CAMPBELL**, who was given power of attorney by her mother, Laura Brown, to conduct banking and real estate transactions on behalf of Brown, used funds from Laura Brown's account #XXXXX-XXXX-2109 at Bank of America to obtain certified checks in the amounts of $33,000.00 and $10,000.00 which were then used to pay both the amount owed by the buyer and the seller at closing to the Settlement Agent, Progressive Title Agency.

6. In furtherance of the scheme and in order to execute it, **SANDRA CAMPBELL** caused the transfer by wire of $40,000.00 in funds from Progressive Title Agency's bank, PNC Bank in Pittsburgh, Pennsylvania to Ocwen Loan's bank, JP Morgan Chase, in Tampa, Florida.

**All in violation of Title 18, United States Code, Section 1343.**

## COUNT FOUR
### (False Statement on a Federal Income Tax Return - 26 U.S.C. § 7206)

D-1    **SANDRA CAMPBELL**

On or about June 21, 2009, said date being approximate, in the Eastern District of Michigan, **SANDRA CAMPBELL**, defendant herein, did willfully make and subscribe a Form 1040 Personal Income Tax Return for calendar year 2006, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which income tax return she did not believe to be true and correct as to every material matter in that said return failed to report income which she received from Definitive Concepts Company Incorporated, whereas **SANDRA CAMPBELL** then and there well knew and believed that she had received income from Definitive Concepts Company Incorporated, in excess of $149,000.

**All in violation of Title 26, United States Code, Section 7206.**

## COUNT FIVE
### (False Statement on a Federal Income Tax Return - 26 U.S.C.§7206)

D-1    **SANDRA CAMPBELL**

On or about April 23, 2009, said date being approximate, in the Eastern District of Michigan, **SANDRA CAMPBELL**, defendant herein, did willfully make and subscribe a Form 1040 Personal Income Tax Return for calendar year 2007, which was verified by a written

declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which income tax return she did not believe to be true and correct as to every material matter in that said return failed to report income which she received from Definitive Concepts Company Incorporated, whereas **SANDRA CAMPBELL** then and there well knew and believed that she had received income from Definitive Concepts Company Incorporated, in excess of $172,000.00.

**All in violation of Title 26, United States Code, Section 7206.**

## COUNT SIX
**(False Statement on a Federal Income Tax Return - 26 U.S.C.§7206)**

**D-2    DOMONIQUE CAMPBELL**

On or about December 10, 2009, said date being approximate, in the Eastern District of Michigan, **DOMONIQUE CAMPBELL**, defendant herein, did willfully make and subscribe a Form 1040A Personal Income Tax Return for calendar year 2005, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which income tax return she did not believe to be true and correct as to every material matter in that said return failed to report income which she received from Definitive Concepts Company Incorporated, whereas **DOMONIQUE CAMPBELL** then and there well knew and believed that she had received income from Definitive Concepts Company Incorporated, in excess of $44,000.00.

**All in violation of Title 26, United States Code, Section 7206.**

## COUNT SEVEN
### (False Statement on a Federal Income Tax Return - 26 U.S.C. § 7206)

D-2   DOMONIQUE CAMPBELL

On or about December 10, 2009, said date being approximate, in the Eastern District of Michigan, **DOMONIQUE CAMPBELL**, defendant herein, did willfully make and subscribe a Form 1040A Personal Income Tax Return for calendar year 2006, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which income tax return she did not believe to be true and correct as to every material matter in that said return failed to report income which she received from the sale of a home she owned in Detroit, Michigan, whereas **DOMONIQUE CAMPBELL** then and there well knew and believed that she had received income from the sale of said home, in excess of $42,000.00.

**All in violation of Title 26, United States Code, Section 7206.**

## COUNT EIGHT
### (Conspiracy to Defraud the United States - 18 U.S.C.§ 371)

D-1   SANDRA CAMPBELL
D-2   DOMONIQUE CAMPBELL

1.   The General Allegations, paragraphs 1-12 are hereby incorporated in this Count.

2.   From September, 2004 until December 10, 2009, said dates being approximate, in the Eastern District of Michigan, defendants **SANDRA CAMPBELL** and **DOMONIQUE CAMPBELL** did unlawfully, willfully, and knowingly combine, conspire, confederate and agree with each other to defraud the United States for the purpose of impeding, impairing, obstructing and defeating the lawful government functions of the Internal Revenue Service of the

Department of the Treasury in the ascertainment, computation, assessment and collection of revenue: to wit, income taxes.

3. It was part of the conspiracy that DPS checks in excess of $530,000.00 issued to their business, Definitive Concepts Company Incorporated (DCCI), in payment of fraudulent invoices for books and supplemental teaching materials, were deposited into DCCI account number 1 and DCCI account number 2 at Bank One (now JP Morgan Chase), accounts which were controlled solely by defendants **SANDRA CAMPBELL** and **DOMONIQUE CAMPBELL**.

4. It was part of the conspiracy that the DPS checks issued to DCCI and deposited in DCCI account number 1 and DCCI account number 2 were not reported as income by either defendant **SANDRA CAMPBELL** or **DOMONIQUE CAMPBELL** on tax returns which they signed under penalty of perjury and filed with the Internal Revenue Service.

5. It was also part of the conspiracy that the proceeds of the sale of defendant **DOMONIQUE CAMPBELL'S** house at 5745 Three Mile Drive in the City of Detroit were deposited into DCCI account number 2 and that the income from this property was not reported as income on **DOMONIQUE CAMPBELL'S** 2006 tax return.

6. It was further part of the conspiracy that **SANDRA CAMPBELL** prepared **DOMONIQUE CAMPBELL'S** false tax returns for calendar years 2005 and 2006, which returns failed to report income from DCCI and from the sale of **DOMONIQUE CAMPBELL'S** house at 5745 Three Mile Drive in the City of Detroit and which were signed under penalty of perjury by Defendant **DOMONIQUE CAMPBELL**.

## OVERT ACTS

In executing the conspiracy alleged in Paragraph 2, one or more of the defendants committed the following acts:

    A.    That on or about December 10, 2009, **SANDRA CAMPBELL** knowingly prepared a Form 1040A Personal Income Tax Return for calendar year 2005 for **DOMONIQUE CAMPBELL**, containing false income information.

    B.    That on or about December 10, 2009, said date being approximate, in the Eastern District of Michigan, **DOMONIQUE CAMPBELL**, defendant herein, did willfully make and subscribe a Form 1040A Personal Income Tax Return for calendar year 2005, which falsely understated annual income, by omitting taxable income from DCCI.

    C.    That on or about December 10, 2009, **SANDRA CAMPBELL** knowingly prepared a Form 1040A Personal Income Tax Return for calendar year 2006 for **DOMONIQUE CAMPBELL**, containing false income information.

    D.    That on or about December 10, 2009, said date being approximate, in the Eastern District of Michigan, **DOMONIQUE CAMPBELL**, defendant herein, did willfully make and subscribe a Form 1040A Personal Income Tax Return for calendar year 2006, which falsely understated annual income, by omitting taxable income from DCCI.

## COUNT NINE
### (Criminal Forfeiture - 18 U.S.C. §§ 982(a)(1), 981(a)(1)(C), 982(a)(2) & 1957, and 28 U.S.C. § 2461)

1. The allegations contained in Paragraphs 1 - 12 of the General Allegations, as well as Counts One through Three of this Indictment, are hereby incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(1), 982(a)(2) and/or 981(a)(1)(C) and Title 28, United States Code, Section 2461.

2. Pursuant to Title 18, United States Code, Section 982(a)(1)(C), and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 666, as alleged in Count One above, the defendants, **SANDRA CAMPBELL** and **DOMONIQUE CAMPBELL**, shall forfeit to the United States any property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations.

3. Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1957, as alleged in Count Two above, the defendants, **SANDRA CAMPBELL** and **DOMONIQUE CAMPBELL**, shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property, real or personal, traceable to such property.

4. Pursuant to Title 18, United States Code, Section 982(a)(2), upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as alleged in Count Three above, defendant, **SANDRA CAMPBELL**, shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds obtained, directly or indirectly, as a result of such a violation.

5. <u>Substitute Assets</u>. Pursuant to Title 18, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), and Title 28, United States Code, Section 2461(c), defendant **SANDRA CAMPBELL** and/or defendant **DOMONIQUE CAMPBELL**, as the case may be, shall forfeit any of their other property, real or personal, up to the value of property described in Paragraphs 2 through 4 above, if, by any act or omission of the defendant **SANDRA CAMPBELL** and/or defendant **DOMONIQUE CAMPBELL**, the property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty.

All in accordance with Title 21, United States Code, Section 853(p); Title 18, United States Code, Section 982(b); Title 28, United States Code, Section 2461(c); and Rule 32.2 of the Federal Rules of Criminal Procedure.

6. <u>Money Judgment</u>. Upon conviction of one or more violations alleged in this Indictment, the Government will seek a forfeiture money judgment against defendant **SANDRA CAMPBELL** in an amount as is proved at trial in this matter representing the total amount of proceeds and/or property involved in and/or obtained as a result of defendant **SANDRA CAMPBELL'S** offenses.

Upon conviction of one or more violations alleged in this Indictment, the Government will seek a forfeiture money judgment against defendant **DOMONIQUE CAMPBELL** in an amount as is proved at trial in this matter representing the total amount of proceeds and/or property involved in and/or obtained as a result of defendant **DOMONIQUE CAMPBELL'S** offenses.

THIS IS A TRUE BILL.

s/Grand Jury Foreperson
GRAND JURY FOREPERSON

**BARBARA L. McQUADE**
**United States Attorney**

**s/PAMELA THOMPSON**
**PAMELA THOMPSON**
**Assistant United States Attorney**
**Public Corruption Unit**
**(313) 226-9770**
**Pamela.Thompson@usdoj.gov**


**s/J. MICHAEL BUCKLEY**
**J. MICHAEL BUCKLEY**
**Assistant United States Attorney**
**Public Corruption Unit**
**(313) 226-9581**
**Michael.Buckley@usdoj.gov**

**211 W. Fort Street, Suite 2001**
**Detroit, Michigan   48226**

**Dated: January 26, 2012**

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover | Case:2:12-cr-20054<br>Judge: Cook, Julian Abele<br>MJ: Randon, Mark A.<br>Filed: 01-26-2012 At 03:04 PM<br>INDI USA V. SEALED MATTER (DA) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to comp

**Reassignment/Recusal Information** This matter was opened in the USAO prior to August 15, 2008 [No]

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes  ■ No | AUSA's Initials: |

Case Title: USA v.  D-1  SANDRA CAMPBELL
                    D-2  DOMONIQUE CAMPBELL

County where offense occurred : Wayne

Check One:      ■ Felony        ☐ Misdemeanor        ☐ Petty

　X　 Indictment --- no prior complaint.
_____Indictment/_____Information --- based upon prior complaint [Case number: _____]
_____Indictment/_____Information --- based upon LCrR 57.10 (d) [Complete Superseding section below].

**Superseding Case Information**

Superseding to Case No: _____  Judge: _____
  ☐   Original case was terminated; no additional charges or defendants.
  ☐   Corrects errors; no additional charges or defendants.
  ☐   Involves, for plea purposes, different charges or adds counts.
  ☐   Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges | Prior Complaint (if applicable) |
|---|---|---|

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

January 26, 2012
Date

PAMELA THOMPSON
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9770
Bar ID: P26056 (MI)
E-Mail: Pamela.Thompson@usdoj.gov

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

10/13/09