UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,     CRIMINAL ACTION NO. 12-20054

           DISTRICT JUDGE JULIAN ABELE COOK

 v.        MAGISTRATE JUDGE MARK A. RANDON

SANDRA CAMPBELL and
DOMONIQUE CAMPBELL,

   Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL PRETRIAL DISCLOSURE (DKT. NO. 38)

This matter is before the Court on Defendant Sandra Campbell's Motion to Compel Pretrial Disclosure of Jencks Act and Brady Material, Witness and Exhibit Lists, and for Additional Discovery.  (Dkt. No. 38).  Defendant Domonique Campbell joined in the motion (Dkt. No. 41).  The Government filed a Response on November 9, 2012 (Dkt. No. 47); the Court heard oral argument on December 6, 2012.

For the reasons stated on the record, Defendants' motion is **GRANTED IN PART AND DENIED IN PART**:

(1) *Any material subject to the Jencks Act, including grand jury testimony or any documents produced by witnesses at the grand jury* - **GRANTED**; the Government agrees to produce all Jencks Act material two weeks before trial.

(2) *Government witness and exhibit lists that the Government intends to use, call or introduce at trial*.  Defense counsel argues that while there is no authority for this request, the Court has the discretion to require pretrial disclosure; the Government argues that Defendants are not entitled to this information, and it sees this request as a "fishing expedition."  The Court finds that Defendants do not have a right to

pretrial review of the Government's witness list, *see United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993) ("[o]rdinarily, a defendant is not entitled to a list of the names and addresses of the government's witnesses") (citing Fed. R. Crim. P. 16); however, district courts have the discretion to require the Government to produce its witness list. *See United States v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980). The Government does not argue that pretrial disclose will place its witnesses in danger. Accordingly, the Court exercises its discretion to **GRANT** Defendants' request, and orders the Government to produce its witness list seven days before trial.

(3)   *Handwritten notes from interviews of all testifying witnesses* - **DENIED AS MOOT**; the parties agree that Defendants are only entitled to such notes if the witness agreed to the notes or adopted them, and the Government represents that no such notes exist.

(4)   *Any recorded statements of interviews from Sandra Campbell or Domonique Campbell* - **DENIED AS MOOT**; the Government represents that there are no such statements.

(5)   *Any notes of agent (FBI, DPS OIG, IRS) interviews with Defendants* - **GRANTED**; the Government agrees this is Jencks Act material that will be produced two weeks before trial.

(6)   *Any DPS OIG notes of interviews, or transcripts of interviews, with Sandra Campbell or Domonique Campbell* - **GRANTED**; the Government agrees to produce Jencks Act material (applicable only to testifying witnesses) two weeks before trial, and to independently ascertain whether any of the notes constitute *Brady* material that must be disclosed.

(7)   *Any potential or alleged co-conspirator statements which the Government may seek to introduce under Federal Rule of Evidence 801(d)(2)(E), including any potential unindicted co-conspirators*. The Government argues that there is no authority for this request. The Court finds this request does not constitute Jencks Act material, *see* 18 U.S.C. §3500 (indicating when defendants are entitled to statements of *testifying* witnesses), nor is production required by the Rules of Evidence. Accordingly, this request is **DENIED**; however, the Government must independently ascertain whether any of the statements constitute *Brady* material that it must be disclosed.

(8)   *Notice of intent to use any Fed. R. Evid. 404(a)-(b) or Fed. R. Evid. 608 or Fed. R. Evid. 609 material the Government intends to introduce at trial* - **DENIED AS MOOT**; the Government represents that it does not intend to introduce such evidence.

(9)     *Any proposed expert reports or summaries of expected testimony and curricula vitae for experts who will be testifying at trial* - **GRANTED**; the Government agrees to produce this information three weeks before trial.

(10)    *Statements of potential unindicted co-conspirators the Government does not intend to call at trial* - **DENIED**; however, the Government must independently ascertain whether any of the statements constitute *Brady* material that it must disclose.

(11)    *Disclosure of the following, for any alleged or potential informant or unindicted co-conspirator: criminal record, promises of consideration for testifying, plea deals made, and evidence of the informant being a target of the investigation, but not charged* - **GRANTED**; the Government agrees this is *Brady* material that it must disclose.

(12)    *Criminal records of any government witnesses, discoverable under Brady and Giglio for impeachment purposes, as well as prior acts evidence of Government witnesses under Fed. R. Evid. 608 and/or 609* - **GRANTED**; the Government will independently ascertain whether this information exists, and if so, it will make it available to Defendants.

(13)    *Any other Brady material including: negative exculpatory witness statements, evidence inconsistent with witness testimony, prior inconsistent statements of Government witnesses, prior bad acts or criminal record evidence of Government witnesses, rewards/promises made to Government witnesses in exchange for testimony or immunity* - **GRANTED**; the Government recognizes its continuing duty to comply with *Brady*.

**IT IS ORDERED**.


                                        s/Mark A. Randon
                                        Mark A. Randon
                                        United States Magistrate Judge

Dated: December 10, 2012


                           *Certificate of Service*

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, December 10, 2012, by electronic and/or ordinary mail.*

                                        *s/Melody Miles*
                                        *Case Manager*


-3-