UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S<small>ANDRA</small> C<small>AMPBELL</small>,

        Movant,

v.

U<small>NITED</small> S<small>TATES OF</small> A<small>MERICA</small>,

        Respondent.
                                       /

Case No. 12-20054
Civil Case No. 15-13225

S<small>ENIOR</small> U.S. D<small>ISTRICT</small> J<small>UDGE</small>
A<small>RTHUR</small> J. T<small>ARNOW</small>

**O<small>RDER</small> D<small>ENYING</small> M<small>OVANT'S TO</small> V<small>ACATE</small> S<small>ENTENCE UNDER</small> 28 U.S.C. 2255 [161]**

On August 5, 2013 Movant was found guilty by a jury of one count of Conspiracy to Commit Program Fraud, in violation of 18 U.S.C. §§371 and 666, one count of Conspiracy to Launder Money in violation of 18 U.S.C. §§1957 and 1956 (h), one count of Conspiracy to Defraud the United States, in violation of 18 U.S.C. §371, and two counts of Making a False Material Statement in a Federal Income Tax Return, in violation of 26 U.S.C. §7206. [119 at Pg ID 1142]. On December 13, 2013, Movant was sentenced to 70 months imprisonment. [94]. On April 30, 2015 the Court received the case from Judge Cook per an Administrative Order. Movant filed a Motion to Vacate Sentence under 28 U.S.C. §2255 on September 11, 2015 [161] and the Government responded on November 12, 2015 [166]. For the reasons stated below, Movant's Motion to Vacate Sentence is **DENIED**. Further, Movant's certificate of appealability is **DENIED** with respect to all arguments, except Movant's argument that her counsel was ineffective for failure to challenge Movant's indictment under 18 U.S.C. §666.

## FACTUAL BACKGROUND

Movant Sandra Campbell was a services vendor for the Detroit Public Schools (DPS) in a bookkeeping capacity from 2004-2008. During this time, Movant carried out a scheme to defraud the DPS of over half a million dollars. To effectuate this theft, Movant utilized the DPS purchasing system to falsely bill and collect payment for educational items which were never received by any DPS school. Movant laundered the proceeds of her fraud through various corporate and personal bank accounts. Movant also failed to report hundreds of thousands of dollars on her federal tax returns during these years.

Movant was indicted with respect to these acts on February 1, 2012. A jury trial began in July 2013, and on August 5, 2013, the jury found Movant guilty of conspiring to commit fraud against a program that receives federal funds, conspiring to launder money, making false statements on tax returns, and conspiring to defraud the United States. [79].

In its sentencing memorandum filed on November 22, 2013, the Government agreed with the U.S. Probation Department's Presentence Investigation Report's finding that the applicable guideline range for Movant's crimes resulted in a total offense level of 27, a criminal history category of I and an advisory guideline range of 70-87 months. [85 at Pg ID 451-59]. Movant also filed her sentencing memorandum on November 22, 2013. In that filing, Movant objected to this calculation, citing objections to the loss

calculation and the enhancements for abuse of a position of public trust/special skill, leadership, and obstruction of justice. [86 at Pg ID 466-91].

A sentencing hearing was held on December 18, 2013. Both sides extensively argued their respective positions concerning the proper calculation of the applicable sentencing guideline factors. At the end of the hearing, the Court disagreed with the calculation provided by the U.S. Probation Department and advanced by the Government in its sentencing memorandum. While the Court did concur with the Government as to the loss calculation, that Movant was a leader and that she obstructed justice, the Court did not find that an enhancement for an abuse of a position of trust/special skills should apply. [154 at Pg ID 3190-93]. Ultimately, the Court found that the correct total offense level was 25 with a criminal history category of I, resulting in a guideline range of 57 to 71.

Following this determination, the Court heard argument from both sides on the application of the sentencing factors in 18 U.S.C. §3553. *Id* at Pg ID 3196-3210]. The Court also heard twice from Movant concerning her remorse for the commission of her crimes. *Id* at 3202; 3210. Movant was ultimately sentenced to 70 months of incarceration and ordered to pay restitution to the DPS in the amount of $530,091.38. [*Id* at Pg ID 3211-12]. Movant filed a notice of appeal on December 27, 2013 [93], which was dismissed for want of prosecution on October 14, 2014 [155].

## STANDARD OF REVIEW

To succeed on a motion to vacate, set aside, or correct a sentence, a movant must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

A Movant is barred by the doctrine of procedural default from asserting claims in a § 2255 motion that could have been raised on direct appeal, but were not brought, unless good cause for failing to raise the claim on direct appeal is established, would suffer actual prejudice if the claims were not heard. *Massaro v. United States*, 538 U.S. 500, 504 (2003). However, ineffective assistance of counsel claims are exempted from the general rule barring a court from considering, on a motion to vacate sentence under 28 U.S.C.§ 2255, arguments not raised on direct appeal. *Id.*

Movant alleges a violation of her constitutional right to counsel, "an error of constitutional magnitude." *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (*quoting Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). To establish ineffective assistance of counsel, a movant must establish that defense counsel rendered deficient performance and thereby prejudiced the movant's defense, so as to render the outcome of the proceedings unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). If a movant establishes that counsel's performance was in fact deficient, he need not prove that an effective counsel likely would have changed the

4

outcome; he need only demonstrate a probability of a different outcome sufficient to undermine confidence in the results of the proceedings. *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986) (citing *Strickland*, 466 U.S. at 694).

## ANALYSIS

While ostensibly containing only three grounds for reduction of sentence, upon inspection Movant attacks her sentence on several grounds, all framed within an ineffective assistance of counsel theory: (1) counsel's ineffective assistance resulted in the erroneous application of a sentence enhancement for obstruction of justice; (2) counsel's ineffective assistance resulted in the mistaken application of a sentence enhancement for abuse of position of trust or use of a special skill; (3) counsel was ineffective for not obtaining a downward departure in the face of the three overlapping enhancements; (4) counsel was ineffective for not successfully arguing that the loss amount was far less than $530,000; (5) counsel was ineffective for failing to correct multiple presentence report errors; (6) counsel was ineffective because Movant was subjected to a much longer sentence by pleading not guilty, proceeding to trial, and receiving a harsh sentence at the hands of the prosecutor; (7) counsel was ineffective for neglecting to contest employment of an alternate juror once deliberations had begun; (8) counsel was ineffective for failing to challenge the indictment of Movant under 18 U.S.C. §666; (9) counsel was ineffective because the restitution amount is incorrect; and (10) counsel was ineffective for not securing return of Movant's seized property.

1. **SENTENCING GUIDELINE APPLICATIONS**

Movant's counsel, as demonstrated by the record, did not perform deficiently at the sentencing hearing. Counsel submitted a through sentencing memorandum that raised objections to each guideline factor, and asked the court to depart downward from the applicable sentencing guideline. [84 at Pg ID 467-491]. This vigorous representation continued at the sentencing hearing, where counsel agued at length concerning all of the guideline factors and objected to any findings that were not in line with the position taken in counsel's sentencing memorandum. *See* Dkt. 154. In fact, the representation was competent and proficient enough to convince the Court, in the face of opposition from the Government and the Probation Department, to refrain from applying an enhancement for abuse of public trust, which resulted in a change in the overall guideline range from 70-87 months to the final range of 57 to 71 months. This is unimpeachable evidence that defense counsel's performance was not deficient at the sentencing stage, and further casts doubt on the validity of these claims from the outset.

   a. **SENTENCE ENHANCEMENT FOR OBSTRUCTION OF JUSTICE**

Movant argues she erroneously received a sentence enhancement for obstruction of justice because of a false report she provided to the Detroit police concerning a claim that computer equipment containing incriminating evidence had been stolen from her office. She asserts that this cannot support a sentence enhancement for obstruction of justice under the guidelines because this statement occurred more than 10 months before she became aware of the investigation against her, so her statement could not meet the

guidelines requirement that it be "purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction." U.S.S.G. §3C1.1 cmt n.1.

However, Movant is mistaken concerning the basis for the obstruction of justice enhancement. As established by the hearing transcript, the obstruction of justice enhancement was not added because of the incident alleged by Movant; rather it pertains to Movant telling investigating officers in October 2010 that she had ordered teaching materials from the Borders Book Company, when testimony from the trial directly contradicted this statement. [154 at 34]. As Movant herself states in the Motion to Vacate, in October 2010 she was aware of the investigation against her. Additionally, in response to this false statement, the investigation was in fact hindered, as agents were required to spend time finding witnesses to testify at trial that Borders never sold any education materials to Movant or her business.

Movant's counsel was not ineffective in arguing against an enhancement for obstruction of justice in both the sentencing memorandum and at the sentencing hearing. In fact, Movant's counsel repeatedly argued against this enhancement in both the sentencing memorandum and at the sentencing hearing. [*See e.g.* 154 at Pg ID 3186; 3182]. The issue was foreclosed when the Court sided with the Government and applied the enhancement. [154 at 29; 59]. Just because the Court did not side with Movant's counsel does not mean that counsel was ineffective. Considering counsel's attention to this issue in the presentencing memorandum and oral argument at the sentencing hearing, Movant received effective assistance of counsel on this issue.

### b. SENTENCE ENHANCEMENT FOR ABUSE OF POSITION OF PUBLIC TRUST/SPECIAL SKILL

Movant claims in her motion that counsel was ineffective for failing to prevent the inaccurate application of the abuse of position of public trust enhancement to her sentence. This is an inaccurate representation of the record. As the transcript from the sentencing hearing demonstrates, The Court did not in fact apply a sentence enhancement based on abuse of position of public trust/special skill. After hearing argument from the Government and defense counsel on the issue of the abuse of position of public trust enhancement, the Court specifically found that:

> Here in the case that is presently before this court, Sandra Campbell was a bookkeeper. While it may be true that in this case her fellow employees deferred to her opinion the inherent nature of the work of a bookkeeper does not afford the sort of managerial or professional discretion that in my opinion the Sixth Circuit requires. And hence the Court concludes that no enhancement is or should be ordered.

[154 at Pg ID 34-35]. Therefore, this ground for vacation of sentence is moot and is denied.

### c. DOWNWARD DEPARTURE

Movant argues that counsel was ineffective for not presenting "meritorious arguments for downward departure." Movant alleges that her counsel was deficient for failing to argue that a downward departure was required under controlling case law because of the impact of the overlapping enhancements on her guideline range. She relies on *U.S. v. Lauersen*, 343 F.3d 604 (2nd Cir. 2003) and *U.S. v. Babar*, 512 Fed. Appx. 78 (2nd Cir. 2003) to support her assertion.

First, these cases are not applicable to Movant's case. In both decisions, the Court of Appeals sent the case back to the District Court for resentencing to consider a downward departure because of *overlapping enhancements* that had a significant impact on the applicable guideline range. Enhancements are considered overlapping if those imposed are "little more than different ways of characterizing closely related aspects of [the defendant's] fraudulent scheme." *United States v. Babar*, 512 F. App'x 78, 81 (2d Cir. 2013). For example, in *U.S. v. Lauersen*, the enhancements at issue overlapped because they were both triggered because of the large amount of money at issue in the fraud. 343 F. 3d at 344.

At the sentencing hearing, an enhancement was applied because Movant occupied a leadership position and because she obstructed justice. [154 at Pg ID3190-92]. These are completely unrelated aspects of the case- one deals with the fraudulent scheme itself, and the actions Movant took to effectuate it, while the other enhancement considers her actions during the investigation. These are not considered overlapping per the 2nd Circuit's definition and precedent on this issue.

Additionally, Movant's counsel vigorously sought a downward departure. In the sentencing memorandum, counsel cited case law from several circuits to support a downward departure based upon the fact that the crime Movant was found guilty of was not "within the heartland of money laundering cases." [86 at Pg ID 488-89]. The Court rejected this argument at the sentencing hearing. Movant cannot establish that counsel's performance was deficient. This Court must grant "substantial deference to counsel's

9

decisions not to raise an argument, even a meritorious argument, if the decision might be considered sound trial strategy." *Hodge v. Hurley*, 426 F.3d 368, 385 (6th Cir. 2005). As indicated above, defense counsel did successfully argue against the application of the enhancement for abuse of a position of public trust. While Movant's counsel failed to raise the argument of overlapping enhancements, there is no reason to consider this strategic choice as either a deficient performance, or as prejudicing Movant given the legal precedent on the issue. Therefore, this ground for vacation is denied.

### d. LOSS AMOUNT CALCULATION

Movant alleges that her counsel was ineffective for failing to contest the loss amount at sentencing. This statement is incorrect. Defense counsel directly contested the loss amount. In fact, he dedicated a section of the sentencing memorandum to this argument [86 at Pg ID 467-70], and asserted at the sentencing hearing as well that the loss amount should be valued at $395,000 rather than $535,000. [154 at 26-27]. Moreover, as the Judge pointed out at the sentencing hearing, the evidence at trial supported a finding that Movant and her co-defendant stole $530,091.98 from the Detroit Public Schools [154 at 30-31]. For the reasons stated above, Movant's counsel was not ineffective for failing to secure a lower loss figure.

### 2. PRESENTENCE REPORT ERRORS

Movant claims that errors in the presentence report went uncorrected by her attorney, constituting ineffective assistance of counsel. While Movant identifies content from the presentence report that she alleges are erroneous, she does not

demonstrate how any of these alleged errors had an impact on her actual sentence. Because Movant cannot show any prejudice from the alleged errors in the presentence report, this can not serve as a basis for a finding of ineffective assistance of counsel.

### 3. CHOICE TO GO TO TRIAL

Movant alleges that her belief in the U.S. justice system as an innocent person led her to suffer a "trial tax" of a punishment that exceeds the harshness of the crime. She contends that because she did not accept a proffered plea deal, the prosecutor utilized charging decisions and sentencing enhancements to "effectively dictate the sentence." Movant is merely stating her displeasure with the justice system in this claim. There are no allegations of either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). Therefore, this ground for vacation of sentence must be denied because Movant has failed to establish a valid basis for a §2255 motion.

### 4. JURY DELIBERATIONS

On August 5, 2013, the jury commenced deliberations at 10:17 a.m. The jury returned with a verdict in the afternoon. During jury deliberation, one member of the jury fell ill after lunch and was excused for health reasons relating to diabetes. [119 at Pg ID 1134-1141]. The alternate juror was brought in to replace the excused juror.

11

The Judge instructed the alternate juror and the existing jury members that they were "to deliberate, but to start from the beginning. To go back over the issues that you've already discussed…" [119 at Pg ID 1140-41].[1]

Movant alleges that, despite the instruction given by the Judge to start all over again, there is no possible way that could have occurred because the verdict was returned in a matter of hours. While Movant does not allege explicitly that her counsel was ineffective in regards to this claim, the Court will examine this claim under the ineffective assistance of counsel standard to preserve this ground, which was not raised on appeal.

While Movant is correct that the renewed jury deliberations only lasted several hours, this cannot be seen as evidence that her trial was prejudiced. Prior to excusing the ill juror, the jury had only been deliberating for a few hours, and there is nothing on the record or alleged in Movant's motion to suggest that the jury was not close to a verdict at the time that the juror was excused. Therefore, there is no reason to doubt that the jury followed the Court's instruction and recommenced its deliberations when the alternate joined the jury. Therefore, the failure of Movant's counsel to raise

---

[1] Movant cannot, and does not allege that this process violated the Federal Rules of Criminal Procedure. Per the transcript, the actions of the Court followed Federal Rule of Criminal Procedure 24(c) which provides that:

> The court may retain alternate jurors after the jury retires to deliberate. The court must ensure that a retained alternate does not discuss the case with anyone until that alternate replaces a juror or is discharged. If an alternate replaces a juror after deliberations have begun, the court must instruct the jury to begin its deliberations anew.

any objections to the jury deliberation process can not establish ineffective assistance of counsel.

### 5. FAILURE TO CHALLENGE INDICTMENT

Movant alleges that her counsel was ineffective by failing to challenge her indictment as pertained to the charge under 18 U.S.C. §666(a)(1)(A). Specifically, this section applies to a person who is "…agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof." An "agent" is defined as: "a person authorized to act on behalf of another person or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative." 18 U.S.C.A. § 666(d)(1). Movant argues given that, since she was employed as a services vendor by DPS, she was not an "employee, partner, director, officer, manager, or representative" as defined in the statute, and thus the statute does not apply to her and that her counsel was ineffective for not challenging that count in the indictment.

The Sixth Circuit interprets the definition of "agent" in the statute as follows:

> While the statute makes the title given to an employment relationship a sufficient condition for establishing agency status-"servant," "employee," "partner, director, officer, manager, and representative" all will suffice in the case of an organization or government-it does not make the name given to a relationship a necessary condition for establishing agency status.

*United States v. Hudson*, 491 F.3d 590, 594 (6th Cir. 2007). The Sixth Circuit has upheld indictments of independent contractors and consultants under this statute, making the determination that the real question is not the employment label of the employee, but

13

rather whether the Defendant was "authorized to act on behalf" of the government entity and had the authority "to act on behalf of another." *Id* at 595. In reaching this determination, the *Hudson* Court pointed out to the common practice of other Courts across the country of upholding prosecutions of independent contractors and consultants. *Id; See e.g. United States v. Sotomayor-Vazquez,* 249 F.3d 1, 8 (1st Cir.2001) (finding consultant qualified as an agent and interpreting § 666 "to include persons who *act* as directors, managers, or representatives of covered organizations"); *United States v. Vitillo,* No. CRIM. 03-555, 2005 WL 1693932, at *4 (E.D.Pa. July 19, 2005) ("Given the breadth of the statutory definition of agent, an independent contractor may certainly be considered an agent for the purposes of § 666."); *United States v. Toro,* No. 89 CR. 0268, 1989 WL 63118, at *1-2 (S.D.N.Y. June 8, 1989) (defendant, an independent contractor, who was hired by a school district as a student recruiter and who "misappl[ied]" school funds, deemed an agent of the district).

      The indictment alleges that Movant was an agent of DPS because she was employed as a contract bookkeeper and accountant whose duties included "placing orders and entering the receipt of orders for books and supplemental teaching materials and consultant services on behalf of the DPS schools." [3 at ¶2; ¶4]. Movant herself describes her responsibilities as a contracted bookkeeper as follows, "[a]s a vendor, [Movant] would under the direction and supervision of various principals from the schools perform requested tasks" which included providing monthly reconciliation reports and placing orders for supplies. [161 at 9]. This description is consistent with

14

testimony at trial. Countless witnesses testified about the work Movant performed for the DPS, and these descriptions illustrate that she was authorized to act on behalf of the school, and that she did in fact act on their behalf, in the execution of her duties. Per the testimony offered at the trial, Movants duties included, *inter alia*, that Movant would make any deposits that needed to be made [148 at 48], order supplies that were needed [148 at 79], had authority over the budget of Mackenzie High School delegated to her by Principal Bonham [149 at 58], and would order DPS employees to complete orders for teaching materials at her request [85 at 2-3].

These duties are consistent with the type of authority that other independent contractors had in other cases which was held to be sufficient authority to be considered an "agent" under the statute. For example, in *Hudson*, the Defendant was an independent contractor who purchased items for the River Rouge School district to fulfill his contracted duty to develop, market and consult in the development of RPS-TV/35 productions. 491 F.3d 590. Hudson filed a motion for acquittal before the District Court, arguing that as an independent contractor, he was not an agent under 18 U.S.C. §666. *Id.* This motion was denied and Hudson appealed to the Sixth Circuit. The Sixth Circuit held that the District Court's decision to deny his motion of acquittal was correct, because his act of making purchases on behalf of the school gave him the authority required to meet the definition of an "agent" under 18 U.S.C. §666. *Id* at 595.

Given the Sixth Circuit's decision in *Hudson*, and the numerous other cases collected in *Hudson*, in which independent contractors who have had similar levels of

15

authority as Movant were considered "agents" under 18 U.S.C. §666, her counsel was not ineffective for his decision not to attack the indictment under this theory, because the absence of such a challenge did not prejudice Movant's defense. Based on the Movant's own description of her work at the DPS, she has not alleged a probability of a different outcome if the indictment had been so challenged.

### 6. RESTITUTION AMOUNT IS INCORRECT

Movant alleges that her attorney was ineffective for failing to challenge the restitution amount. However, as stated in section 1d above, Counsel did explicitly challenge the restitution amount in the sentencing memorandum, and at the sentencing hearing. Additionally, Movant does not provide any reference to the record to corroborate her allegation that the District Court ignored evidence offered at trial and erred in calculating the restitution amount by including amounts for supplies and services actually offered. Therefore, counsel was not ineffective as to the restitution amount ultimately arrived at by the District Court.

### 7. SEIZED PROPERTY

At the end of her motion, Movant requests that the Government return her property and firearm seized in October 2012. The request for request of property is not pertinent to Movant's Motion to Vacate under 28 U.S.C. §2255, as this statute "allows prisoners to petition their sentencing court to correct or invalidate sentences imposed upon them." *Ospina v. United States*, 386 F.3d 750, 752 (6th Cir. 2004). Therefore, this request is not properly before the Court in this motion.

Per the Government's response [166], once the period for the appeal of all orders has expired, Movant may request that the Detroit office of the Federal Bureau of Investigation return her property by correspondence to: Federal Bureau of Investigation, 477 Michigan Avenue, 26th Floor, Detroit, MI 48226.

**IT IS ORDERED** that Movant's Motion to Vacate Sentence under 28 U.S.C. §2255 [161] is **DENIED.**

**IT IS FURTHER ORDERED** that Movant's certificate of appealability is **DENIED** with respect to all arguments except Movant's argument that her counsel was ineffective for failure to challenge Movant's indictment under 18 U.S.C. §666.

**SO ORDERED**.

Dated: June 28, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge